MARGARET BIRD, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN, (FIRST SECTION), Respondent.

No. 955. Submitted June 18, 1935.—Decided June 21, 1935.

*J. Henri Brown, C. Ruiz Nazario, G. E. González,* and *G. Benítez Gautier* for appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On presentation for record in the Registry of Property of San Juan (First Section) of deed of sale No. 16 executed in this city on April 2, 1934, before Notary Gustavo Benítez Gautier, whereby the marshal of the District Court of San Juan, Manuel Náter Girona, pursuant to an order of execution made in the action of debt prosecuted in said court by Margaret Bird against Helen Porter Nechodoma, Emily Nechodoma Strobel, Antonín Nechodoma Strobel, Benjamín Nechodoma Porter, and Helen Nechodoma Porter, as sole

heirs of Antonín Nechodoma, sold to the plaintiff, repre-
sented by her attorney, Clemente Ruiz Nazario, verbally
authorized therefor, three parcels of land at three hundred
dollars each, or a total of nine hundred dollars which was
the amount for which said parcels were awarded to the plain-
tiff as the only bidder at the auction held for the purpose,
the registrar entered the following decision:

"The record of this document is denied because the three parcels
are recorded in the name of Antonín Nechodoma, a different person
from the defendants; the record of parcel 'B' being denied as to the
difference of 102.50 s. m., because that area appears segregated and
recorded also in the name of a different person from said defendants,
and there has been entered . . . ."

Feeling aggrieved by that decision, the purchaser took
the present administrative appeal.

 In the first place, she maintains that the registrar
erred "because this Honorable Court, in the cases of *Zayas*
v. *The Registrar of Property,* 14 P.R.R. 589, and *García* v.
*Registrar,* 41 P.R.R. 473, has held that a prior record in
the name of the predecessor in interest is not necessary in
the case of an award of property under execution in an ordi-
nary action to recover the amount of a mortgage, and because
there is no legal basis whatever to distinguish between an
ordinary action to enforce a mortgage claim and an ordi-
nary action of debt, and to make such a distinction would
be to deprive the appellant herein of the equal protection
of the laws guaranteed to her by the Organic Act of Puerto
Rico and the Fourteenth Amendment to the Constitution of
the United States."

It is true that in the above-cited cases, this court held
that a prior record in the name of the heirs was not neces-
sary, but this was so, as stated in the first and ratified in
the second, because "a judicial sale, made in payment of a
mortgage credit, being involved, the prior record in the
name of the heirs of the debtor of the mortgaged estates is
not necessary in order to permit the record of the judicial

sale in payment, pursuant to the provisions of the Royal Order of July 22, 1896, which forms part of the mortgage legislation in force and which this Supreme Court has heretofore applied, on March 25, 1904, in the case of *Pasalacqua* v. *The Registrar of Property of Caguas.*" *Zayas* v. *Registrar,* 14 P.R.R. 589, 591.

In the case of *Pasalacqua Hermanos & Co.* v. *Registrar of Property,* 6 P.R.R. (2d ed.) 41, in which the opinion was delivered by Mr. Chief Justice Quiñones, it was held:

"Although formerly established as doctrine and jurisprudence by the General Board of Directors of Registries of Property, save only in cases of inheritances not yet occupied, that property sold or awarded by judicial process in payment of debts should be recorded in the name of the heirs of the debtor, before entering the same in favor of the vendee or grantee, this doctrine was modified by Royal Order of July 22, 1896, issued at the request of the Mortgage Bank of Madrid, and communicated directly to the General Board of Directors of Registries of Property, which latter ordered that in cases of sale or award of mortgaged realty, through execution proceedings instituted at the instance of the mortgage creditor against the heirs of the debtor, or third possessor, it is not necessary that the record in favor of the latter should have first been made in order to enter the deed of sale or the certified copy of the award. This doctrine, based on a correct interpretation of articles 105 and 133, in accord with article 20 of the Mortgage Law of Spain, and substantially reproduced in the one in force in this Island, is of general application and should, therefore, be applied in the present case, in which all the circumstances specified in said order are to be found."

If a judicial sale in a mortgage foreclosure proceeding were involved here, the appellant would be right, but as we are dealing with an ordinary action of debt against heirs, it is the general rule that controls in accordance with the repeated decisions of this court.

In *Garrido* v. *Registrar of Property,* 12 P.R.R. 383, in an action of debt against the heris of Bárbara Torres and her husband, Vicente Melchor Ros, upon execution of the judgment rendered in favor of the plaintiff Garrido, a house

which had been attached as belonging to the defendants was awarded to him. When the marshal's deed was presented in the registry, the registrar refused to record the same on the ground that the house had not first been recorded in the name of the defendants. On appeal, that decision was affirmed by this Supreme Court.

The same conclusion was reached some years afterwards in the case of *Figueroa* v. *Registrar of Property*, 18 P.R.R. 255, and in that of *Pomales* v. *Registrar of Property*, 19 P.R.R. 606, where this court speaking through Mr. Chief Justice Hernández said:

In deciding the administrative appeal of *Pasalacqua Hermanos & Co.* v. *The Registrar of Property of Caguas*, 6 P.R.R. 87, we stated that it was 'established as doctrine and jurisprudence by the General Board of Directors of Registries of Property, save only in cases of inheritances not yet occupied, that property sold or awarded by judicial process in payment of debts should be recorded in the name of the heirs of the debtor before entering the same in favor of the vendee or grantee,' and we applied this doctrine in deciding the administrative appeal of *Natalio Figueroa Irizarri* v. *The Registrar of Property of San Germán*, 18 P.R.R., 255.

"It is not shown in the aforesaid deed whether the names of the parties who composed the Succession of Pedro García were set forth in the complaint, or in what manner they were summoned in the suit, or whether they entered appearance therein, or whether or not judgment was entered by default. It is not shown that the action was brought against a vacant inheritance, hence the property should be recorded first in the name of the heirs of García in order to be recorded subsequently in the name of the vendee.

"The Royal Order of July 22, 1896, issued at the request of the Mortgage Bank of Madrid and communicated directly to the General Directorate of Registries of Property, ordering that in cases of sale or adjudication of mortgaged realty by virtue of foreclosure proceedings instituted by the mortgage creditor against the heirs of the debtor or a third party, a previous record in their names is not necessary in order that the deed of sale or the certificate of adjudication may be recorded, is not applicable to the case at bar as it does not contain all the circumstances set forth in said royal order."

And finally in the case of *Orcasitas* v. *Registrar*, 45 P.R.R. 106, this court in an opinion delivered by Mr. Justice Hutchison, definitely held as follows:

"A registrar of property refused to record a marshal's deed to a parcel of land sold under execution in a personal action brought by a mortgagee against the heirs of the mortgagor to recover the amount of the mortgage. Section 20 of the Mortgage Law forbids the recording of any conveyance by or in the name of a grantor whose title to the property in question has not been recorded. This section was modified by a Royal Decree of July 22, 1896, so as to permit the recording of deeds to property sold in a summary foreclosure proceeding. *Passalacqua Hermanos & Co.* v. *The Registrar of Property,* 6 P.R.R. 41, second edition; *Zayas* v. *The Registrar of Property,* 14 P.R.R. 589, *Orcasilas* v. *The Registrar of Property,* 21 P.R.R. 523, and *Zayas* v. *The Registrar of Property,* 28 P.R.R. 106.

"Appellant quotes from 2 Galindo 214, (1903 ed.), to the effect that—

" 'Even though the Royal Decree of July 22, 1896, refers solely to the case of a foreclosure begun by a mortgagee, we are of the opinion that it may also apply to a case in which the execution has been begun at the instance of a personal creditor, inasmuch as when there is the same reason the same law should be applied.'

"We need not stop to inquire how far the soundness of the premise here involved may be affected by the difference between a purely personal action and a summary proceeding *quasi in rem.* Conceding for the sake of argument only that the same reason for the rule may exist in either case, that fact is for the consideration of the Legislature. The plain terms of the Royal Decree cannot be expanded by judicial legislation to include purely personal actions."

We fail to see how the doctrine laid down in the above cases deprives citizens of the equal protection of the laws, guaranteed to them by our Organic Act and the Fourteenth Amendment to the Constitution of the United States of America.

The rule of a previous record is the general rule. It is based on the provisions of section 20 of the Mortgage Law. Upon the death of the predecessor in interest, his property passes to his heirs and is recorded in the registry

in the name of all of them in case it is undivided, and the corresponding portion in the name of each heir when the property has been partitioned. The heirs are liable for the debts of their predecessor in interest, both with the inherited property and with their own, unless they have availed themselves of the benefit of inventory.

That being so, as it is necessary that all transfers of ownership be recorded in the registry, it seems logical that a transfer of title by inheritance should also be recorded. The exception of the unclaimed inheritance had been recognized: a case in which, in truth, no heirs exist, there being, therefore, no transfer of ownership, and in which, by a legal fiction, the personality of the deceased is considered as still subsisting; and afterwards there was also recognized, by Royal Order, the exception of the sale of property mortgaged by the predecessor in interest to satisfy a debt contracted by him, such provision thus becoming another peculiarity of the mortgage foreclosure proceeding.

If it could be maintained that thereby the equal protection of the laws was denied to citizens, it would have to be concluded that it was also denied, for example, by the provision that in mortgage foreclosure proceedings, the serving of a formal demand for payment on the debtor and the non-payment of the debt within the period of thirty days are sufficient for decreeing the sale of the mortgaged property at public auction, while in ordinary actions of debt, it is necessary to file a complaint, the defendant having the right to demur and to answer, and the sale of the previously attached property of the debtor can not be ordered until the indebtedness has been formally adjudicated in accordance with the facts and the law. Yet we know that it is otherwise.

It is not a question of inequalities but of special situations created by the peculiar circumstances of the different juridic relations that arise between men, considered in a general way and not with respect to any particular person.

Nor do we think that any substantial right is involved. Everything that the law, as construed, requires for ordinary cases is the making of another entry in the registry and the payment of the fees pertaining to such entry.

■ The appellant insists that the decision should be reversed ''because, for the purpose of the said award, in an action against the widow and heirs as continuers of the personality of their predecessor in interest and of the conjugal partnership that existed between him and Helen Porter, a defendant in said suit, the inheritance should be considered as unclaimed and that any conveyance made in an action like the one with which this appeal is concerned, should be conceived as a direct conveyance from the debtor and predecessor in interest to his creditor, without the necessity of a previous record of the property in the name of the presumptive heirs of said predecessor in interest.''

The appellant invokes one of the exceptions: that of the unclaimed inheritance. Should the inheritance in the instant case be so considered?

In *Figueroa* v. *Registrar of Property, supra,* we said:

''The first question for us to examine and decide is whether or not decedent's estate still remains undivided. If the question is decided in the affirmative, then the decedent should be presumed to be alive and the sale should be considered as having been effected by himself, in which event the entry of the sale can then be admitted to record in the registry. But if, on the contrary, it should be found that the estate has been accepted, then a record of the property should first be made in the name of the heirs and, afterwards, in that of the purchaser.

'' 'An inheritance remaining unclaimed is held to be undivided.' Scaevola, General Principles of Civil Law, 130.

'' 'Where an inheritance remains undivided through its non-acceptance by those entitled to it under the law, the decedent should then be deemed to be still alive.' Decision of the Supreme Court of Spain, June 5, 1861.

'' 'Upon proof being presented that the heirs have renounced the inheritance, instruments transferring the title thereof in pursuance of actions brought against the estate are admissible to record, a

prior record of the property in the name of the heirs being unnecessary.' Decision of the General Directorate of Registries, July 24, 1884.

" 'Where execution proceedings have been instituted against the heirs of a debtor, and the property has been disposed of at auction in the name of the unsettled estate on account of the heirs being unknown, there is no necessity of previously recording the property in the name of the heirs.' Decision of the General Directorate of Registries of April 25, 1890.''

We then went on to examine the facts and concluded that the same failed to show that the inheritance was unclaimed. A similar situation arises in the instant case, to judge by the deed of sale, the only document the registrar had before him. The action of debt was prosecuted against Helen Porter Nechodoma and others as the sole heirs of Antonín Nechodoma. The sale was made by a marshal on behalf of the defendants as such heirs. Nowhere in the document is it set forth that the defendants had renounced the inheritance of their predecessor in interest. On the contrary, from the contents of the document it might be inferred that they accepted the inheritance and became the owners of the estate.

After the parties' admission regarding the existence of the suit brought by Margaret Bird against the defendants, to recover $9,648.66 which their predecessor in interest owed to the plaintiff, it was further stated: "Second: That pursuant to an order made by His Honor . . . an attachment was issued and levied on the following pieces of property as belonging to the defendants: . . . Third: That after the attachment of said parcels and also of others belonging to the defendants had been recorded or entered. . .''

There is, then, no justification for applying the Decisions of the General Directorate of Registries of Spain, of July 24, 1884; December 15, 1887; April 25, 1890; and August 7, 1893, cited by the appellant. We will confine ourselves to transcribing one of the findings (*considerandos*) of the first decision. It says:

"Considering that the heirs have refrained from accepting the inheritance, which is reputed to be unclaimed, and that the personality of the deceased subsists for all legal purposes including that of presuming the sale to have been made by him personally, as declared by the judgment of June 5, 1861, according to which section 20 of the Law is deemed to have been complied with if the properties awarded were already recorded in his name, without there being available any term within which it could be recorded in the name of the heirs, *in whom the ownership thereof never vested,* according to the doctrine established by this Directorate in the decisions of December 5, 1863, and the 20th of the preceding month." (Italics ours.)

If the inheritance in the instant case was actually unclaimed when the sale evidenced by the deed of April 2, 1934, was made, the doors of the registry are still open to the appellant. She can again petition for and obtain the record of the conveyance made to her without the necessity of a previous record of the property in the name of the heirs, provided she submits the instrument together with evidence showing that the inheritance of Antonín Nechodoma was really unclaimed. But if the heirs accepted the inheritance, then there was one link more in the chain of title that must be made to appear in the registry.

■ Lastly, the appellant insists that "even supposing that the respondent registrar were authorized to require the previous record of the rights which the children of the predecessor in interest, Antonín Nechodoma, might have in said property, the registrar had no power or legal authority whatever to refuse to record that document as to the defendant Helen Porter's moiety or interest in the said property as surviving spouse, and in whose name said property also appears recorded as being community property."

We do not agree. In the first place, Helen Porter is sued in her capacity as an heir. It does not appear from the instrument that any specific distinction was made. The exact form of the present record does not appear either. The law requires that if the property was acquired by Antonín Nechodoma while he was married to Helen Porter, that

fact should appear from the registry, and the presumption would then be that the property so acquired belonged to the conjugal partnership. Such partnership is distinct from its members, an artificial person. When dissolved by the death of one of the partners, it must be liquidated, and the award made to the surviving spouse or partner also requires a new record in the registry.

These requirements are not demanded to hamper transactions but to make them clear, precisely for the purpose of avoiding obstacles which, when they arise later, are much more complex and difficult to overcome.

For the reasons stated, the decision appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.